29184. FULTON COUNTY *v.* CHAMBERS, clerk, *et al.*

124

DECIDED OCTOBER 31, 1941.

126

*Spalding, Sibley, Troutman & Brock, E. H. Sheats, W. S. North-cutt,* for plaintiff in error.

*James A. Branch, Thomas B. Branch Jr.,* contra.

GARDNER, J. ■ The assignments of error (other than a ruling

on demurrer) are on the general grounds and on four additional grounds which are in effect only an enlargement of the general grounds. The burden of the assignment is that, since the fund in question is interest accrued entirely on funds of parties litigating in the court of which the deceased was clerk, deposited with him in his official capacity, and since it is unlikely, improbable, or impossible that the fund will ever be ordered disbursed by court order to, or demanded by, or returned to, the .depositing parties, either as principal or interest accruals, and since such interest increments are perquisites as to the deceased clerk, to which by law he was not entitled, but forbidden to receive, and since as a matter of law the executrix was not entitled to said sum in right and title of her testator, and since the court subsists in, and has its situs in, Fulton County, and Fulton County has duly paid all salaries due the deceased clerk, Fulton County is entitled to the fund, and the court erred in awarding it to Chambers in his official capacity as successor to the deceased clerk.

The claim of Fulton County is untenable and the assignments of error are without merit. Whatever may be the law prohibiting the receipt of fees and perquisites by the clerk of the court (Ga. L. 1913, pp. 145, 153, § 16; Ga. L. 1922, pp. 209, 211, sec. 2; Ga. L. 1935, pp. 500, 505, § 7), no right to any fee or perquisite arises in Fulton County by virtue of its character as such, or because either the executrix or succeeding clerk, or neither, might be entitled to the fund, or because, perchance, the depositors of the original principal sums, on which the interest arose, may never, or can not ever, call for or reclaim by court order or otherwise the sums deposited together with the interest increment, if it should run with the principal, or because Fulton County maintains the court and pays the salaries of its officers, inclusive of the clerk. Fulton County can take custody and title to such funds as for which provisions of law have been made, and in no other. The pleadings and evidence fail to bring the right under such laws. Speaking by analogy, there is no such status of sovereign in Fulton County to whom, continuing the analogy, the property might "escheat." Whatever may be the rights of the defendants in error in the premises, Fulton County is a stranger thereto, and the court did not err in denying its motion for new trial.

■■ These headnotes require no discussion.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*